UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHELLE P.,

        Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

CASE NO. 3:19-CV-5917-DWC

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's application for Supplemental Security Income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred at step two of the sequential evaluation process by not evaluating Plaintiff's attention deficit hyperactivity disorder ("ADHD"), adjustment disorder, and social phobia. However, any error on the ALJ's part was harmless, because Plaintiff did not meet her burden to establish that

these conditions constituted medically determinable impairments. The ALJ did not err at step three of the sequential evaluation, in evaluating the opinion evidence, or in assessing the medical record. Accordingly, the ALJ's finding of non-disability is supported by substantial evidence, and the Commissioner's decision is affirmed.

FACTUAL AND PROCEDURAL HISTORY

On April 28, 2016, Plaintiff filed an application for SSI, alleging a disability onset date of May 10, 2014. *See* Dkt. 11, Administrative Record ("AR") 16, 216-21. Her application was denied upon initial administrative review and on reconsideration. AR 16, 107-15, 119-25. A hearing was held before ALJ Gerald J. Hill on March 6, 2018. AR 33-77. In a decision dated August 29, 2018, ALJ Hill found that Plaintiff was not disabled. AR 13-27. The Social Security Appeals Council denied Plaintiff's request for review on July 31, 2019. AR 1-6. The ALJ's decision of August 29, 2018 is the final decision of the Commissioner subject to judicial review. *See* 20 C.F.R. § 416.1481.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by: (1) failing to find that some of her mental impairments were severe at step two of the sequential evaluation; (2) failing to explain why her mental impairments did not meet or equal any listings at step three; (3) failing to properly assess opinion evidence from examining psychologist Alysa Ruddell, Ph.D.; (4) "playing doctor" when evaluating the medical record; and (5) failing to consider all of Plaintiff's residual symptoms when assessing her residual functional capacity ("RFC"). Dkt. 13, pp. 9-17.

DISCUSSION

**I.   Whether the ALJ erred at step two of the sequential evaluation.**

Plaintiff contends that the ALJ erred by failing to include ADHD, adjustment disorder, and social phobia among Plaintiff's severe impairments at step two. Dkt. 13, p. 9.

At step two of the sequential evaluation process, the ALJ determines whether the claimant "has a medically severe impairment or combination of impairments." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (citation omitted); 20 C.F.R. § 416.920(a)(4)(ii).

Here, the ALJ did not evaluate whether Plaintiff's ADHD, adjustment disorder, and social phobia were severe impairments at step two. However, any error by the ALJ at step two was harmless because Plaintiff has not met her burden to establish that her ADHD, adjustment disorder, and social phobia were medically determinable, much less severe. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001) (Noting that at step two, a claimant has the burden of establishing the existence of her severe impairments); 20 C.F.R. § 416.912(a) (In general, the burden is on claimants to establish that they are disabled); *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (noting that harmless error principles apply in the Social Security context).

Here, the only evidence Plaintiff presents to support the existence of her ADHD is her own statement to Dr. Ruddell during a psychological evaluation in March 2016, during which Plaintiff stated that she had been diagnosed with ADHD at age 13. Dkt. 13, p. 4, citing AR 331-334. Under regulations in force when Plaintiff filed her application, an impairment was medically determinable only when its existence could be shown through objective medical evidence such as laboratory findings and tests done using acceptable clinical diagnostic techniques. *Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir. 2005) (citing Social Security Ruling ("SSR") 96-4p, 1996 WL 374187, at *1 (July 2, 1996)).

"[R]egardless of how many symptoms an individual alleges, or how genuine the individual's complaints may appear to be, the existence of a medically determinable physical or mental impairment cannot be established in the absence of objective medical abnormalities; i.e.,

medical signs and laboratory findings." *Ukolov*, 420 F.3d at 1005 (quoting SSR 96-4p, 1996 WL 374187, at *1-2).

With respect to Plaintiff's adjustment disorder and social phobia, the evidence cited by Plaintiff to support the existence of these impairments consists of treatment notes from Plaintiff's therapist, Dathan Lane, LMHC, who diagnosed Plaintiff with adjustment disorder with mixed anxiety and depressed mood and social phobia. Dkt. 13, p. 2, citing AR 589-94, 595-621.

To establish the existence of a medically determinable impairment, Social Security regulations require evidence from "acceptable medical sources," such as licensed physicians or psychologists. 20 C.F.R. § 416.913(a) (effective Sept. 3, 2013 to Mar. 26, 2017). "Other" medical sources – such as nurse practitioners, therapists, and physicians' assistants – may offer an opinion as to the severity of impairments and how they affect a claimant's ability to work, but adjudicators cannot rely upon these sources to establish the existence of a medically determinable impairment. *See* 20 C.F.R. § 416.913(a), (d).

Plaintiff's therapist is not an acceptable medical source, and the ALJ would have erred if he had relied solely upon Mr. Lane's diagnosis to establish the existence of adjustment disorder and social phobia as medically determinable impairments.

The ALJ has a duty to develop the record. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (The ALJ "has an independent 'duty to fully and fairly develop the record.'") (quoting *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996) (quoting *Brown v. Heckler*, 713 F.2d 411, 443 (9th Cir. 1983) (per curiam))).

However, the record in this case is clear that there is no evidence to establish Plaintiff's ADHD, adjustment disorder, and social phobia are medically determinable impairments, nor does Plaintiff contend that these impairments, even if they were medically determinable, would

result in functional limitations beyond those already contained in the RFC. *See Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir.2001) (noting that the ALJ's duty to develop the record is only triggered when the record is inadequate to allow for proper evaluation of the evidence) (internal citations omitted); *see also Lyons v. Colvin*, 2015 WL 3621358, at *2, 4 (W.D. Wash. June 9, 2015) (noting that an ALJ has no duty to develop the record concerning a medically determinable impairment when the only diagnosis for such an impairment came from a non-acceptable medical source such as an ARNP); *see also Ritchey v. Berryhill*, 2018 WL 4627297 at *2 (W.D. Wash. Sept. 27, 2018) (same).

In her application, Plaintiff alleged that she was disabled due to the symptoms of depression and anxiety, both of which the ALJ found to be severe impairments at step two. AR 18, 251. During the hearing, Plaintiff described symptoms stemming from her depression and anxiety, but did not allege that she suffered from any other mental impairments, or that she had mental health symptoms caused by other impairments. AR 55-58.

Accordingly, the ALJ's decision not to evaluate Plaintiff's ADHD, adjustment disorder, and social phobia does not constitute harmful error.

**II.    Whether the ALJ erred at step three of the sequential evaluation.**

Plaintiff maintains that the ALJ erred in finding that her mental impairments did not meet or equal any listings at step three of the sequential evaluation. Dkt. 13, p. 12. Plaintiff contends that the ALJ did not cite any evidence to establish that Plaintiff's mental impairments did not meet listings 12.04 and 12.06. *Id.* Plaintiff further contends that the ALJ partly relied upon the opinions of the non-examining state agency psychologists in finding that Plaintiff's mental impairments did not meet or equal any listings, but did not specify which exhibit or examiner he was relying upon in reaching this conclusion. *Id.*

The Social Security Administration must set forth the reasoning behind its decisions in a way that allows for meaningful review, and the ALJ must build an accurate and logical bridge from the evidence to his or her conclusions. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015); *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) (citations omitted); *see also Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988) (An ALJ errs when he or she "merely states" that facts "point toward an adverse conclusion" yet "makes no effort to relate any of these" facts to "the specific medical opinions and findings he rejects.").

When evaluating a claimant's severe mental impairments at step three, the ALJ must evaluate the paragraph B criteria to determine if the severity of the mental impairment meets or is medically equal to the criteria of a listed impairment. 20 C.F.R. Part 404, Subpart P, Appendix 1. To meet the paragraph B criteria, a claimant must have an extreme limitation of one, or marked limitation of two, of the following areas of mental functioning: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. *Id.*

Here, the ALJ evaluated Plaintiff's depression and anxiety under listings 12.04 and 12.06 and found that Plaintiff had no more than moderate limitations in any of the paragraph B domains. AR 18-21. In reaching these conclusions, the ALJ relied upon Plaintiff's testimony, the medical record, and the findings of the state agency consultants, both of whom found that Plaintiff's mental impairments did not meet or equal any listings. AR 18-21, 83-84, 98-99. As such, the ALJ has provided the reasoning behind his conclusion that Plaintiff's mental impairments did not meet or equal any listings at step three. The fact that the ALJ did not mention the state agency consultants, James Buskirk, M.D. and Thomas Clifford, Ph.D., by name

at this step of the analysis does not prevent the ALJ's decision from being supported by substantial evidence.

### III. Whether the ALJ erred in evaluating the medical opinion evidence.

Plaintiff contends that the ALJ erred in evaluating the opinion of examining psychologist Alysa Ruddell, Ph.D. Dkt. 13, pp. 9-12.

In assessing an acceptable medical source, an ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

Dr. Ruddell examined Plaintiff for the Washington State Department of Social and Health Services ("DSHS") on March 14, 2016. AR 331-34. Dr. Ruddell's evaluation consisted of a clinical interview and a mental status examination. Based on the results of this evaluation, Dr. Ruddell assessed Plaintiff as having a range of moderate work-related mental limitations along with marked limitations in adapting to changes in a routine work setting. AR 333. Dr. Ruddell opined that the combined impact of Plaintiff's mental impairments would be equivalent to a Global Assessment of Functioning ("GAF") score of between 51 and 60. *Id.*

The ALJ assigned "significant weight" to Dr. Ruddell's opinion, reasoning that: (1) a GAF score of between 51 and 60 indicates that Plaintiff would be able to maintain full-time employment on a regular and continuing basis; (2) Dr. Ruddell performed an in-person examination of Plaintiff; (3) Dr. Ruddell's opinion is consistent with the opinions of the non-examining state agency psychologists (Dr. Buskirk and Dr. Clifford), who had the opportunity to examine additional evidence; and (4) Dr. Ruddell's opinion that Plaintiff would have marked limitations in adapting to changes in a routine work setting could be based on limitations caused by Plaintiff's digestive health symptoms rather than her mental impairments. AR 23-24.

The ALJ reasoned that Dr. Buskirk and Dr. Clifford assessed Plaintiff as being able to adapt to workplace changes if no interaction with the public was involved, and found that Plaintiff could not tolerate interaction with the public, but would be able to perform work involving only few simple, predicable workplace changes. AR 21, 24, 87-88, 102-04.

Plaintiff contends that the diagnostic utility of GAF scores has come into question in recent years, and the ALJ erred in finding that a GAF score of between 51 and 60 is consistent with the ability to maintain full-time employment. Dkt. 13, pp. 10-11. Even if the ALJ erred in relying upon Plaintiff's GAF score, the ALJ did not err in assigning more weight to the opinions of the state agency consultants because they had the opportunity to review the medical record.

The ALJ reasoned that Dr. Ruddell had the opportunity to examine Plaintiff in-person, but that the state agency consultants had the opportunity to review the medical record, whereas Dr. Ruddell was unable to review any records before she rendered her opinion. AR 24, 80-82, 94-87, 331. *See* 20 C.F.R. § 416.927(c)(1) ("Generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you"); but *see* 20 C.F.R. § 416.927(c)(6) (The extent to which a medical source is familiar with the other

information in a claimant's case record is a relevant factor that the Social Security Administration will consider in deciding what weight to assign a medical opinion). The ALJ's assessment is supported by the record, and therefore the ALJ's evaluation of Dr. Ruddell's opinion is supported by substantial evidence.

### IV. Whether the ALJ "played doctor" when evaluating the medical record.

Plaintiff contends that the ALJ "played doctor" when evaluating evidence concerning her Crohn's Disease and "ignored critical important medical evidence which contradicted the ALJ's own medical opinion that Plaintiff's Crohn's disease is not real and not severe." Dkt. 13, pp. 12-14. Plaintiff contends that the ALJ similarly "minimized and reinterpreted the mental health symptoms that were observed by professionals by not referencing any severity level above moderate." *Id.* at 13.

In support of this contention, Plaintiff recites her symptom testimony and portions of the medical record. Dkt. 13, pp. 12-15. Plaintiff asserts that the ALJ's conclusion that the Plaintiff's Crohn's Disease is "not real and not severe" is not supported by the record. But, the ALJ found Plaintiff's Crohn's Disease to be a severe impairment at step two of the sequential evaluation and included restrictions consistent with this impairment in the RFC. AR 18, 23.

Plaintiff further contends that the ALJ erred by creating "his own interpretative narrative regarding an experience [Plaintiff] had with bowel obstruction after a colonoscopy." Dkt. 13, p. 12, citing AR 1-6. The meaning of Plaintiff's statement is unclear, and the evidence cited by Plaintiff in support of this contention is the Appeals Council's denial of Plaintiff's request for review. *Id.*

As discussed above, the ALJ did not err in evaluating the medical opinion evidence related to Plaintiff's mental health impairments. *See supra* Section III. Plaintiff's statement that

the ALJ did not reference "any severity level above moderate" is not supported by the text of the ALJ's decision. In fact, the ALJ's decision does indicate that the ALJ did consider the opinions of the two psychologists who assessed Plaintiff as having marked mental limitations, Dr. Ruddell and Brent Packer, M.D. AR 23-25. Plaintiff does not challenge the ALJ's evaluation of Dr. Packer's opinion, and for the reasons discussed above, the ALJ's evaluation of Dr. Ruddell's opinion is supported by substantial evidence. *See supra* Section III. As a result, the Court concludes the ALJ properly considered the medical record when evaluating Plaintiff's Crohn's disease.

**V.     Whether the ALJ erred by not considering residual symptoms.**

Plaintiff maintains that the ALJ erred by failing to consider "residuals" associated with Plaintiff's physical and mental impairments. Dkt. 13, pp. 15-17. Plaintiff's argument is essentially a re-statement of her testimony, and asks for an interpretation of the record consistent with a finding of disability. Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citing *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999))).

Specifically, Plaintiff alleges that the ALJ did not consider treatment notes from Plaintiff's therapist, Dathan Lane. *Id.* at 16. Plaintiff's assertion that the ALJ did not consider Mr. Lane's treatment notes is not supported by the text of the ALJ's decision, which indicates that the ALJ did consider these treatment notes in assessing Plaintiff's mental impairments. AR 22.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ properly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is affirmed and this case is dismissed with prejudice. The Clerk is directed to enter judgment for Defendant and close the case.

Dated this 8th day of April, 2020.

David W. Christel
United States Magistrate Judge